# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DANA ALFREDS, | ) | |
|                 Plaintiff, | ) | |
| vs. | ) | 1:11-cv-1274-JMS-MJD |
| SOCIAL SECURITY ADMINISTRATION & EMPLOYEES, | ) ) ) | |
|                 Defendants. | ) | |

**Entry Discussing Selected Matters**

**I.**

The plaintiff's motions for court appointed attorney have been considered. Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court,* 490 U.S. 296, 300 (1989). There is no constitutional right to an attorney in a civil proceeding. *Jackson v. Kotter,* 541 F.3d 688, 700 (7th Cir. 2008). Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it herself. *See Pruitt v. Mote,* 503 F.3d 647, 653, 655 (7th Cir. 2007) (en banc).

The court finds at present, that the claims asserted by the plaintiff are not of sufficient complexity or merit as to surpass the plaintiff's ability to properly develop and present them. Regardless, the plaintiff is within the spectrum of "most indigent parties" because she has had a meaningful opportunity to present her claim, she has demonstrated familiarity with her claims and the ability to present them, because the issues presented by her claims are not complex, and because this does not appear to be a case in which the presence of counsel would make a difference in the outcome. *See Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993); *DiAngelo v. Illinois Department of Public Aid,* 891 F.2d 1260, 1262 (7th Cir. 1989) ("[m]ost indigent parties in civil cases must fend for themselves here, attempting to

persuade lawyers to take their cases and representing themselves if members of the bar think their claims weak").

Based on the foregoing, the plaintiff's motions for appointment of counsel [26, 38, 39, 40] are **denied.**

## II.

The plaintiff's motion for 60 extra days [31] is **denied as unnecessary** because at present it is the court's task to determine from the amended complaint whether and to what extent the action may proceed. This is also the reason why all other motions [32, 33, 34, 35, 36, 37] are **denied without prejudice.**

**IT IS SO ORDERED.**

Date: 02/17/2012

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Dana B. Alfreds
6389 River Valley Way
Indianapolis, IN  46221