**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| DANA ALFREDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-1274-JMS-MJD |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION | ) | |
| & EMPLOYEES, | ) | |
| Defendants. | ) | |

**Entry and Order Dismissing Action**

**I.**

**A.**

Dana Alfreds has brought this action against a medley of defendants, including the Social Security Administration ("SSA") and its employees, the United States Government, a SSA employee named "Mary," the SSA's Disability Determination Bureau and employee Pat Land, United States Attorney for this District Joseph Hogsett, and United States Attorney General Eric Holder.

Alfreds' initial focus through a multitude of filings was her effort to be named the payee of her Social Security benefits. That occurred administratively after the action was filed, however, so any claim for that relief is moot.

Alfreds' subsequent filings, including her amended complaint, are manifestly unfocused. It is apparent, however, that after several months, after several tries, and after repeated directions concerning the applicable pleading standards under

the *Federal Rules of Civil Procedure,*[1] Alfreds remains unable to assert a plausible claim against any of the defendants This assessment is required by 28 U.S.C. § 1915(e)(2)(B) because Alfreds was granted leave to proceed *in forma pauperis.*

There is jurisdiction in this court to conduct judicial review of the final decisions of the Commissioner of the SSA with respect to a Social Security benefits decision. This jurisdiction is conferred by 42 U.S.C. § 405(g)("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . in [a] district court of the United States."). Alfreds does not seek such review, so the court does not look for a viable claim under § 450(g).

The remedy available under § 405(g), however, is exclusive of other remedies.[2] Claims for damages against employees of the Social Security Administration for the manner in which Alfred's many encounters with that agency are not redressible as "constitutional torts."[3] Additionally, and recognizing that Alfreds names the United States Government and the SSA's Disability Determination Bureau as defendants, no viable claim is stated against these entities. "Absent a waiver, sovereign immunity shields the federal government and its agencies from suit."[4]

The other claims Alfred suggests might derive from sundry events over the years are a hodgepodge, none of which could be actionable in this court or actionable against any of the individuals or entities she has designated as defendants.[5]

---

[1] To satisfy the notice-pleading requirements of the *Federal Rules of Civil Procedure*, a complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.' *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). That plausibility is defeated, however, when a plaintiff pleads himself out of court "by alleging facts that show there is no viable claim.@ *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th. Cir. 2008).

[2] *Weinberger v. Salfi,* 422 U.S. 749, 757 (1975).

[3] *See Schweiker v. Chilicky,* 487 U.S. 412, 414 (1988) (damages unavailable in action challenging Social Security determination).

[4] *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see also Lewis v. United States*, 492 F.3d 565, 572 (5th Cir. 2007)("In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity.").

[5] With exceptions not applicable here, the jurisdiction of a federal district court extends to cases in which there is a Afederal question,@ see 28 U.S.C. ' 1331, and to certain cases in which there is complete diversity of citizenship between the plaintiffs and the defendants. See 28 U.S.C. ' 1332. *See Smart v. Local 702 Intern. Broth. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009) ("Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties. See 28 U.S.C. ' ' 1331-32.").

**B.**

Whether a complaint states a claim is a question of law.[6] In addition, *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.[7] For the reasons explained in Part I.A. of this Entry, however, the amended complaint fails to state a claim upon which relief can be granted.

**C.**

The motion to add relevant evidence [56] is **granted**.

**II.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/07/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Dana B. Alfreds
6389 River Valley Way
Indianapolis, IN  46221

---

[6] *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).
[7] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).